THE ROBERT BURNETT.[1]

THE DASORI.

OWL TRANSPORTATION CO. v. THE MAYOR, ETC., OF CITY OF NEW YORK, AND THE ROBERT BURNETT.

*(District Court, S. D. New York. May 6, 1891.)*

COLLISION—TWO TOWS PASSING—LEEWAY—INATTENTION.
 A tow of four boats on a 200-foot hawser astern of the tug B. met a tow consisting of the tug D., with two scows on a hawser. A heavy north-west gale was blowing at the time, and though the tugs passed each other at what would have been a sufficient distance in ordinary weather, the wind caused the tow of the B. to make as much leeway as headway, so that one of the boats on her tow struck one of the scows, and was sunk. The evidence showed that neither tug paid much attention to the tows after the tugs had passed each other. *Held*, that for such lack of attention to their tows, both tugs were responsible for libelant's damage.

In Admiralty. Suit to recover damage caused by collision.
*Wilcox, Macklin & Adams*, for libelant.
*James M. Ward*, Asst. Corp. Counsel, for mayor.
*Carpenter & Mosher*, for the Burnett.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

BROWN, J. On the 22d of November, 1890, the libelant's canal-boat Maggie P. was in tow of the tug Robert Burnett, coming from Port Johnson to the East river, and was the starboard boat in a tier of 4 boats upon a hawser from the Burnett about 200 feet long. When nearly up to Governor's island, the Maggie P. came into collision with the second of two scows that were in tow of the steam-tug Dasori, bound down the bay to the dumping-ground outside of Sandy Hook, and was so damaged that she soon after filled and sank. The Dasori's hawser to the first scow was about 60 fathoms long, and the hawser from the first scow to the second about 30 fathoms. The Dasori was proceeding upon a course S. S. W., and, as the witnesses for both tugs say, passed the Burnett at a distance of 400 or 500 feet to the eastward, a little below Governor's island. Neither anticipated any collision; but in going about 1,000 feet the boats in tow approached each other so rapidly that the starboard bow of the hindmost scow struck the libelant's boat on the starboard side, as above stated. The witnesses for the Burnett ascribe the collision to a strong sheer by the scow, through alleged inattention to her steering and bad management. The Dasori's witnesses deny this, and ascribe the collision to an alleged change of course by the Burnett to the eastward after she had passed the scows. There was at the time a strong north-west gale, so that the Burnett with her tow made but slight headway,—not more than a mile and a half per hour; and her captain testifies that they made about as much leeway as headway, and that at the time of passing the Dasori, and up to the collision, he was heading up the North river and did not haul to the eastward.

I have found it impossible to satisfy myself that the collision could have occurred in the way that the witnesses for either of the tugs have supposed in their testimony, if the two tugs were 400 or 500 feet apart on passing, or anywhere near that distance. I have no doubt, however, they were at a distance quite sufficient in ordinary weather, and that neither anticipated collision. Looking at all the circumstances, I am constrained to find that the collision arose primarily from the great leeway made by the Burnett's tow in the heavy north-west wind, and that sufficient allowance for this was not made by either tug. I think the weight of testimony is to the effect that there was some sheer by the second scow to starboard, but by no means sufficient alone to account for the collision; nor is it probable that considerable sheer in such a wind was avoidable. Both scows had bridle hawsers, and I am quite satisfied that in this respect they were managed with ordinary care. The evidence shows that neither tug paid much attention to their tows behind them after passing each other. Had they done so, it would have been plain, from their rapid approach, that it was their duty to haul off from each other. Neither did so, and, as this duty belonged to both alike, it follows that the damage must be shared alike by both. Decree for libelant against both defendants, with costs.